NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN HARRY LUCORE, Sr.; JUDY LYNNE LUCORE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> U.S. BANK, N.A., as Trustee for the Certificate Holders of Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H; BANK OF AMERICA, NA, <br><br> Defendants-Appellees. | No. 19-55315 <br><br> D.C. No. 3:15-cv-02246-JLS-MDD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Steven Harry Lucore, Sr. and Judy Lynne Lucore appeal pro se from the

district court's judgment dismissing their diversity action alleging state law claims

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arising from a foreclosure sale on their real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal based on res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed the Lucores' California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") claim as barred by res judicata because this claim was based on the same primary right asserted in a prior state court action and all other elements for the application of res judicata were met. *See Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law."); *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (elements of res judicata under California law).

The district court did not abuse its discretion in denying leave to amend the RFDCPA claim because amendment would have been futile. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 949, 951 (9th Cir. 2006) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Nat'l Wildlife Fed'n v. Burlington N. R.R.*, 23 F.3d 1508, 1511 n.5 (9th Cir. 1994)

2                                                                                     19-55315

("Facts not presented to the district court are not part of the record on appeal.").

The Lucores' request for judicial notice (Docket Entry No. 8) is denied as unnecessary.

**AFFIRMED.**